```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PARTHA SAHA,

                        Petitioner,
     -vs-                                    No. 11-CV-6276(MAT)
                                             DECISION AND ORDER
TODD TRYON, AFOD for Buffalo Federal
Detention Facility, MICHAEL PHILLIPS,
Buffalo Field Director, Officer
Director for Detention and Removal,
ERIC H. HOLDER, JR., Attorney General
of the United States,

                        Respondents.
_____
```

**I.  Background**

Parth Saha ("Saha" or "Petitioner"), a native and citizen of Bangladesh, filed this pro se petition pursuant to 28 U.S.C. § 2241 on May 27, 2011, while he was in the custody of Respondents (hereinafter, the Department of Homeland Services Immigration and Customs Enforcement ("DHS/ICE")) at the Federal Detention Facility in Batavia, New York. Saha was awaiting deportation pursuant to a final order of removal entered against him on November 16, 2010, based upon his having been convicted of various weapons and controlled substance offenses.

Respondents answered the petition on August 4, 2011, indicating that efforts were underway to secure a travel document from Bangladesh. Saha filed a reply on August 17, 2011.

On September 6, 2011, Respondents filed an affidavit and supplemental documentation notifying the Court that a custody review of Saha had been conducted on August 2, 2011. Saha was

notified on August 20, 2011, that DHS/ICE determined to continue his detention.

The docket reflects that on September 6, 2011, Saha's address was updated to the Etowah County Jail. The correct appellation of the facility is the New Orleans Field Office, Etowah County Detention Center.[1] a detention center for alien detainees.

On May 14, 2012, this case was transferred to the undersigned. As there had been no filings by either party in nearly a year, the Court utilized the Detainee Locator search function on the U.S. Immigration and Customs Enforcement website, https://locator.ice.gov/odls/case-status.jsp, on May 24, 2012. The search revealed that Saha, A045-050-928, a native of Bangladesh, was "Not In Custody".

Since Saha has been released from continued administrative detention in DHS custody, the relief Saha requests in his petition to this Court has been granted, and therefore the petition is moot. For the reasons that follow, the petition is dismissed without prejudice.

## II. Jurisdiction

Courts have an obligation to ensure that they have subject matter jurisdiction over a proceeding. See Alliance of American Insurers v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (stating that "a challenge to subject matter jurisdiction cannot be waived and may be raised sua sponte by the district court.").

---

[1] See http://www.ice.gov/detention-facilities/facilities/etowaal.htm.

**A. The Habeas Statute's "In Custody" Requirement**

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." So v. Reno, 251 F. Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Gonzalez v. I.N.S., No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the petition is filed even if petitioner is later deported)). Here, when Saha filed his § 2241 petition, he was in Respondents' custody, detained at the Federal Detention Facility in Batavia, New York. He therefore satisfied the "in custody" requirement of the habeas statute.

**B. Mootness**

When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998) "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v.

McCormack, 395 U.S. 486, 496 (1969)); accord City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000).

Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. Spencer, 523 U.S. at 7. Here, however, Saha's habeas petition challenges only the lawfulness of his administrative detention by DHS. The sole relief Saha seeks is release from custody.[2] As this petition is based only on Saha's allegedly unlawful detention in DHS custody, and not on the removal order from which the detention flowed, the issue is whether Saha suffers from any "collateral consequences" of detention now that he has been released on bond and he is no longer "in custody" of DHS.

The district courts in this Circuit that have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot. E.g., Denis v. DHS/ICE of Buffalo, N.Y., 634 F. Supp.2d 338,

---

[2] If Saha sought to challenge the underlying order of removal, this Court would be precluded from exercising jurisdiction over this Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir.2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." Brempong v. Chertoff, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

341 (W.D.N.Y. 2009) (citing, inter alia, Baptiste v. I.N.S., 2006 WL 3050884, No. 06-CV-0615 (NG), at *2 (E.D.N.Y. Oct. 23, 2006) (holding that where petitioner was released pursuant to an order of supervision pending her removal, it was "clear that petitioner in the case at hand was challenging only the lawfulness of her detention" and "as a result of her release, [her] application for relief [was] moot."); Sayavong v. McElroy, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) ("After his petition was filed, Sayavong was released from INS custody pursuant to an Order of Supervision . . . . [T]he only relief sought . . . has previously been granted by the INS. It follows that Sayavong's petition is moot.").[3]

The only relief sought by Saha and obtainable from this Court was release from DHS custody. Accordingly, Saha's habeas petition became moot upon his release from his detention in Respondents' custody. Accord, e.g., Sayavong v. McElroy, 2003 WL 470576, at *3.

---

[3] Although the Second Circuit has not ruled on the issue directly in a published opinion, it has stated in an unpublished opinion:

> Petitioner ... appeals from the judgment of the district court . . . finding his habeas petition to be moot. In that petition, [petitioner] challenged certain aspects of his immigration detention. . . . During the pendency of this appeal, another panel of this court vacated [petitioner's] order of removal. . . . As a result of this decision, [petitioner] was released from immigration detention. . . . [Petitioner's] release renders the issues presented in this appeal moot, and we must dismiss his appeal.

Edwards v. Ashcroft, 126 Fed. Appx. 4 (2d Cir.2005) (unpublished); accord, e.g., Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005); Riley v. I.N.S., 310 F.3d 1253, 1256-57 (10th Cir. 2002).

### III. Conclusion

For the foregoing reasons, Partha Saha's habeas petition no longer presents a "live" case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. The petition (Dkt. #1) accordingly is dismissed without prejudice.

A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

**IT IS SO ORDERED.**

S/Michael A. Telesca

---

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         May 25, 2012